SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
---------------------------------------------------------------X
LENDORA BOSWELL,

                             Plaintiff,

-against-

HOBBY LOBBY STORES, INC.,

                             Defendant
---------------------------------------------------------------X

Index No.: 606060/2020
Date Purchased: 5-29-2020

## SUMMONS

Plaintiff designates
Suffolk County as the
place of trial.

The basis of venue is:
Plaintiff's Residence and
Place of Occurrence

Plaintiff resides at:
46 Second Avenue
Bay Shore, NY 11706

**To the above named Defendants:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:        Great Neck, New York
               May 29, 2020

STEVEN R. WIDOM, ESQ.
THE YANKOWITZ LAW FIRM, P.C.
Attorneys for Plaintiff
LENDORA BOSWELL
175 East Shore Road
Great Neck, New York 11023
(516) 622-6200
Our File No. 8911-19

**Defendants:**

HOBBY LOBBY STORES, INC.
C/O Corporation Service Company
80 State Street
Albany, New York 12207-2543

    -and-

2052 Sunrise Highway
Bay Shore, New York 11706

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------X
LENDORA BOSWELL,

                            Plaintiff,

      -against-

HOBBY LOBBY STORES, INC.,

                            Defendant
-----------------------------------------------------------------X

Index No.: 606060/2020
Date Purchased: 5-29-2020

**VERIFIED COMPLAINT**

      Plaintiff by her attorneys, **THE YANKOWITZ LAW FIRM, P.C.** complaining of the Defendants, respectfully alleges, upon information and belief:

1.    That at all times herein mentioned, the Plaintiff **LENDORA BOSWELL** was and still is a resident of the County of Suffolk, State of New York.

2.    That on November 20, 2019, the Defendant **HOBBY LOBBY STORES, INC.** was and still is a foreign business corporation duly organized and existing under and by virtue of the laws of the State of New York.

3.    That on November 20, 2019, the Defendant **HOBBY LOBBY STORES, INC.** was and still is authorized to do and did business in the County of Suffolk, State of New York.

4.    On and before November 20, 2019 and at all times herein mentioned, the Defendant **HOBBY LOBBY STORES, INC.**, owned the premises located at 2052 Sunrise Highway, Bay Shore, County of Suffolk and State of New York.

5.    On and before November 20, 2019 and at all times herein mentioned, the Defendant **HOBBY LOBBY STORES, INC.**, its agents, servants, licensees and/or employees leased the aforesaid premises.

6. On and before November 20, 2019 and at all times herein mentioned, the Defendant **HOBBY LOBBY STORES, INC.**, its agents, servants, licensees and/or employees controlled the aforesaid premises.

7. On and before November 20, 2019 and at all times herein mentioned, the Defendant **HOBBY LOBBY STORES, INC.,** its agents, servants, licensees and/or employees operated the aforesaid premises.

8. On and before November 20, 2019 and at all times herein mentioned, Defendant **HOBBY LOBBY STORES, INC.**, its agents, servants, licensees and/or employees managed the aforesaid premises.

9. On and before November 20, 2019 and at all times herein mentioned, Defendant **HOBBY LOBBY STORES, INC.**, its agents, servants, licensees and/or employees maintained the aforesaid premises.

10. On and before November 20, 2019 and at all times herein mentioned, the Defendant, its agents, servants, and/or employees operated a business and retail store at the aforesaid premises.

11. That on and before November 20, 2019, the Defendant **HOBBY LOBBY STORES, INC.**, its agents, servants and/or employees had the duty and obligation to inspect, supervise, manage, maintain and keep the aforesaid premises located at 2052 Sunrise Highway, Bay Shore, County of Suffolk and State of New York, free from of tripping hazards, defects, unsafe, hazardous and dangerous conditions and to provide safe ingress and egress to this Plaintiff, public and its customers thereat.

12. On November 20, 2019, while Plaintiff **LENDORA BOSWELL** was lawfully at the Defendant's aforesaid premises and a patron of Defendant's said business and retail store, she was

4

caused to trip and fall and sustain severe and permanent injuries due to a tripping hazard and metal shelves moved, placed, permitted and allowed to remain in the walkway and/or aisle located thereat.

13. The above-mentioned occurrence and the results thereof were caused by the joint, several and concurrent negligence of the Defendant and/or said Defendants' servants, agents, and/or employees in the ownership, leasing, operation, management, maintenance, inspection, supervision and control of the aforesaid premises and the aforesaid walkway and/or aisle located thereat; in causing, allowing and permitting the aforesaid walkway and/or aisle at the aforesaid premises to be, become and remain for a period of time after notice, either actual or constructive, to contain metal shelves moved, placed, permitted, and allowed to remain and causing an unsafe, dangerous and hazardous condition and tripping hazard; in causing, creating, permitting and allowing the aforesaid tripping hazard, unsafe, dangerous and hazardous condition; in causing, allowing and permitting a trap and tripping hazard to exist at aforesaid location; in failing to maintain the aforesaid premises, walkway and/or aisle at the aforesaid premises in a reasonably safe and proper condition; in causing, allowing and permitting aforesaid premises and walkway and/or aisle to be, become and remain an unsafe, dangerous and hazardous condition and tripping hazard; in causing, creating, permitting and allowing the said tripping hazard, unsafe, dangerous and hazardous conditions; in failing to ameliorate and remove said tripping hazard, unsafe, dangerous and hazardous conditions; in preventing Plaintiff's safe passage at said location; in failing to provide Plaintiff with safe and proper passage, ingress, and egress on the aforesaid premises; in causing, allowing and permitting the existence of the aforesaid, tripping hazard, unsafe, dangerous and hazardous conditions to interfere with and prevent Plaintiff's safe passage; in causing, allowing and permitting the existence of a condition which constituted a trap, nuisance, menace, tripping hazard, and danger to persons

lawfully on aforesaid premises, walkway and/or aisle thereat; in failing to have taken necessary steps and measures to have prevented the above-mentioned location from being used while in aforesaid dangerous and hazardous condition, and tripping hazard; in failing to give Plaintiff adequate and timely signal, notice or warning of aforesaid condition; in negligently and carelessly causing and permitting the aforesaid premises and walkway and/or to be and remain in aforesaid condition for an unreasonable length of time, resulting in a hazard to the Plaintiff and others; and in being otherwise negligent and careless in causing the said unsafe, hazardous and dangerous conditions and tripping hazard, and injuries to this Plaintiff.

14. That no negligence on the part of the Plaintiff **LENDORA BOSWELL** contributed to the occurrence alleged herein in any way whatsoever.

15. That because of the aforesaid unsafe, hazardous, defective and dangerous premises, and by reason of the culpable conduct and wrongful, negligent, careless, reckless, and unlawful actions of the Defendant, its agents, servants, and/or employees, Plaintiff **LENDORA BOSWELL**, was caused to sustain serious injuries and to have suffered great pain, shock, mental anguish and bodily injuries; and to become disabled; that these injuries and their effects will be permanent; as a result of said injuries, Plaintiff was caused and will continue to be caused to incur expenses for medical care and attention; and Plaintiff **LENDORA BOSWELL**, was and will continue to be rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

16. That this action falls within one or more of the exceptions set forth in CPLR §1602.

17. That as a result of the foregoing, Plaintiff **LENDORA BOSWELL**, has been damaged in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff demands judgment against the Defendant herein, in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction together with the costs and disbursements of this action.

Dated:    Great Neck, New York
          May 29, 2020

                          Yours, etc.

                          STEVEN R. WIDOM, ESQ.
                          THE YANKOWITZ LAW FIRM, P.C.
                          Attorneys for Plaintiff(s)
                          LENDORA BOSWELL
                          175 East Shore Road
                          Great Neck, New York 11023
                          Phone No.: (516) 622-6200
                          Our File No. 8911 -19

## ATTORNEY'S VERIFICATION

STEVEN R. WIDM, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury: I am an attorney at THE YANKOWITZ LAW FIRM, P.C., attorneys of record for Plaintiff, LENDORA BOSWELL. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the county wherein I maintain my offices.

DATED:  Great Neck, New York
        May 24, 2020

_____
STEVEN R. WIDOM, ESQ.


Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---

LENDORA BOSWELL,

                          Plaintiff,

            -against-

HOBBY LOBBY STORES, INC.,

                          Defendant.

---

**SUMMONS AND VERIFIED COMPLAINT**

---

### THE YANKOWITZ LAW FIRM, P.C.
*Attorneys for Plaintiff(s)*
**175 East Shore Road
Great Neck, New York 11023
(516) 622-6200**

---

TO:

HOBBY LOBBY STORES, INC.
C/O Corporation Service Company
80 State Street
Albany, New York 12207-2543

       -and-

2052 Sunrise Highway
Bay Shore, New York 11706